UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-180 (JNE/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE** |
| v. | ) |
| ANTHONY LEE HITCHCOCK, | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Thomas Calhoun-Lopez, Assistant United States Attorney, hereby submits its response to Defendant Anthony Lee Hitchcock's motion for release from pretrial detention. (Document No. 37.) The United States opposes the Defendant's motion.

At the detention hearing on August 22, 2022, U.S. Magistrate Judge Becky R. Thorson ordered the Defendant detained based upon a showing that detention was necessary to assure the Defendant's appearance at future court proceedings, and to assure the safety of the community. (Document No. 13.) This finding was consistent with the recommendation of Pretrial Services. (*Id.*)

The Defendant in his instant motion points to nothing that would

meaningfully disturb Judge Thorson's findings. The deterioration of the health of the Defendant's grandmother is very unfortunate, and is no doubt difficult for the Defendant and his family. However it does not alter the analysis of the factors that informed Judge Thorson's decision.

Detention remains necessary to assure the safety of the community. The Defendant has a lengthy and violent criminal history. He was convicted in 2004, at the age of 19, of aggravated assault with a deadly weapon, and was sentenced to seven years' imprisonment. (Bond Report 3.) A series of arrests and misdemeanor convictions followed, until 2014, when he was convicted of first-degree burglary–assault. (*Id.* at 3–4.) In that case, the Defendant, in the course of a home invasion with another man, chased a woman into the bathroom and pinned her to the ground by her hair. (*Id.* at 4.) Brandishing a heavy item over her head, the Defendant repeatedly threatened to kill her as he forced her to detail where the valuables in the apartment were. (*Id.*). He was sentenced to 36 months' imprisonment. (*Id.*) Additional misdemeanor convictions followed until 2019, when he was convicted of two separate drug felonies. (*Id.* at 5.) In 2019, the Defendant committed another burglary. (*Id.*) This time the Defendant forced the occupants of their apartment and destroyed household items inside. (*Id.*) Children in the neighboring apartment hid in the bathroom as the Defendant carried out the crime. (*Id.*) The Defendant was sentenced to 39 months' imprisonment. (*Id.*)

Prior court supervision and lengthy prison sentences have been insufficient to deter the Defendant from continuing to commit serious and violent crime. Detention is necessary in this case to reasonably assure the safety of the community pursuant to 18 U.S.C. § 3142(e)(1).

The nature and circumstances of the instant charged offense are also troubling, involving not only allegations of possession of a firearm, but trafficking of dangerous narcotics. (Gov't Det'n Ex. 1 at 3–5.) The Defendant is alleged to have said upon his arrest that when he woke up that morning, he knew "one of three things was going to happen: [he] was going to jail, [he] was getting killed, or [he] was going to kill someone." (*Id.* at 5.)

Detention is also necessary to assure the future appearance of the Defendant. The Defendant's criminal history includes failures to appear in 2013, 2018, and 2019. (Bond Report 4–5.) His criminal history also includes the commission of crimes while on court supervision. (*Id.*) Detention is necessary in this case to reasonably assure the Defendant's future appearance pursuant to 18 U.S.C. § 3142(e)(1).

For the foregoing reasons, the United States requests that the Court deny the Defendant's release.

Dated: October 4, 2022

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney


*s/ Thomas Calhoun-Lopez*
BY: THOMAS CALHOUN-LOPEZ
Assistant U.S. Attorney
Attorney ID No. 480908DC
