UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-180 (JNE/TNL) |
| Plaintiff, | |
| v. | ORDER |
| Anthony Lee Hitchcock, | |
| Defendant. | |

This matter comes before the Court on Defendant Anthony Lee Hitchcock's Motion for Disclosure of Information Prior to the Pretrial Hearing Regarding Surveillance Location and Inspection of Surveillance Location Under Fed. R. Crim. P. 16(a)(1)(E), ECF No. 21; Motion for Production of Seized Evidence at the Pretrial Hearing, ECF No. 22; Motion for Continuance of Pretrial Motions Hearing and Trial Date, ECF No. 38; and Statement of Facts in Support of Exclusion of Time Under Speedy Trial Act, ECF No. 39.

## I. BACKGROUND

As summarized by Defendant, the allegations in this case involve law enforcement "working in a surveillance capacity in an area of Broadway / Lyndale Avenue North." ECF No. 21 at 1-2. Law enforcement observed a vehicle enter a gas station in the area and Defendant exit the vehicle. ECF No. 21 at 2; *see* ECF No. 38 at 1. A law enforcement officer then allegedly "observ[ed] . . . the outline of a handgun in the left side of the jean jacket pocket that [Defendant] was wearing on that date," ECF No. 21 at

1

2 (quotation omitted), and "claimed that the imprint of the gun in [Defendant's] pocket was so clear he could tell with precision that the gun was in an 'upside down' position with the magazine pointed upward," ECF No. 21 at 2; *see also* ECF No. 22 at 2. According to Defendant, "[i]t was this supposed observation by [law enforcement] that the [G]overnment claims provide[d] the probable cause to seize, arrest, and search [him] at the time in question." ECF No. 21 at 2.

Under Federal Rule of Criminal Procedure 16(a)(1)(E), Defendant moves for disclosure of the location from which law enforcement was conducting the surveillance and "the opportunity to enter onto the designated land or place." ECF No. 21 at 2; *see also* ECF No. 38 at 2 ("The defense has also made a motion to inspect the surveillance location under Fed. R. Crim. P. 16(a)(1)(B) [sic] (ECF No. 21). The motion under that rule requests (1) disclosure prior to the pretrial hearing of information regarding the physical location of the officers on May 4, 2022, when they were conducting surveillance of the defendant prior to his seizure, arrest, and search, and (2) the opportunity to inspect and photograph the location."). Defendant also moves for the Government "to physically produce at the pretrial hearing in this case" both the jean jacket Defendant was wearing and the firearm allegedly recovered from Defendant. ECF No. 22 at 1. Defendant asserts that "[t]he best evidence on this is an opportunity for defense counsel to question the police officers involved in [his] seizure, arrest, and search regarding the actual evidence seized and for the Court to be able to make observations of its own about whether the supposed observations could actually have been made so as to justify the probable cause required in this case to seize, arrest, and search [him]." ECF No. 22 at 2.

In his motion to continue the pretrial motions hearing, Defendant notes that there is "body cam footage of the officer conducting the surveillance at or near the time that the purported observations . . . were made." ECF No. 38 at 2. Defendant asserts that "[t]he parties have been trying to coordinate an opportunity for the defense to view that footage and have been unsuccessful in scheduling a viewing of that evidence." ECF No. 38 at 2. Defendant seeks a continuance of the pretrial motions hearing currently scheduled for October 6, 2022.

The Government objects to disclosure of the surveillance location, countering that Defendant has not met his burden "as to why the precise location of the surveillance spot is material." ECF No. 40 at 7. Additionally, the Government contends that, even if Defendant had met his burden, requiring disclosure of the location "would endanger the public interest." ECF No. 40 at 7. According to the Government,

> public disclosure of the location wherein law enforcement officers conduct surveillance of a high-crime location would allow criminals to tailor their movements to hide illegal activity; it would allow criminals to conduct counter-surveillance to learn when law enforcement officers are and are not present; and it would even raise the possibility that officers could be ambushed entering or leaving the surveillance location.

ECF No. 40 at 8. The Government, however, has no objection to Defendant's request that his jean jacket and the firearm allegedly recovered on his person be produced at the pretrial motions hearing and "agrees to have those items present." ECF No. 40 at 8. The Government also has no objection to the requested continuance.

3

## II. ANALYSIS

### A. Motion for Disclosure

Under Federal Rule of Criminal Procedure 16(a)(1)(E)(i), "[u]pon a defendant's request, the government must permit the defendant to inspect and . . . photograph . . . buildings or places . . . if the item is within the government's possession, custody, or control and . . . is material to preparing the defense." This Court has broad discretion with respect to pretrial motions for production. *See, e.g.*, *United States v. Hoeffener*, 950 F.3d 1037, 1043 (8th Cir. 2020); *United States v. Jean*, 891 F.3d 712, 715 (8th Cir. 2018); *United States v. Hintzman*, 806 F.2d 840, 846 (8th Cir. 1986); *see also* Fed. R. Crim. P. 16(d) ("At any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.").

Defendant contends that the disclosure of the surveillance location is material to his defense. "'Material' means 'helpful to the defense.'" *Jean*, 891 F.3d at 715; *see Hoeffener*, 950 F.3d at 1043 ("When determining whether to order disclosure of information, one of the most relevant factors to be weighed by the court is whether or not the evidence is material to the accused['s] defense." (quotation omitted)). "[A] showing of materiality is not satisfied by a mere conclusory allegation that the requested information is material to the preparation of the defense." *Jean*, 891 F.3d at 715 (quotation omitted); *see also Hoeffener*, 950 F.3d at 1043 ("Materiality must be shown by more than mere speculation or conjecture."). "Even if a defendant successfully shows materiality, the district court may allow the government to withhold information to further and protect the public interest in effective law enforcement." *Jean*, 891 F.3d at

4

715 (quotation omitted).

Defendant asserts that the alleged observations of law enforcement "are at the very heart of the [G]overnment's claim that [law enforcement] had probable cause to seize, arrest, and search him," and the questions of what the officer would "have actually been able to physically observe from his surveillance location" and what the officer "actually observe[d]" are central to his ability to cross-examine the officer.  ECF No. 21 at 2.  The Government responds that "Defendant will be able to probe and assess [the] strength and weakness of the officer through the crucible of cross-examination," and "has not identified a reason why he must know the precise location of a law-enforcement sensitive surveillance position in order to effectively cross-examine that witness."  ECF No. 40 at 7.

In *United States v. Green*, the District of Columbia Circuit Court of Appeals held "that the Government has a qualified privilege during a suppression hearing not to disclose its surveillance locations."  670 F.2d 1148, 1150 (D.C. Cir. 1981).  "*Green* drew an analogy to the informer's privilege, which permits the government to withhold the identity of a person who supplied information about criminal activity."  *United States v. Foster*, 986 F.2d 541, 542 (D.C. Cir. 1993); *see Green*, 670 F.2d at 1155.

> Like confidential informants, hidden observation posts may often prove to be useful law enforcement tools, so long as they remain secret. Just as the disclosure of an informer's identity may destroy his future usefulness in criminal investigations, the identification of a hidden observation post will likely destroy the future value of that location for police surveillance. The revelation of a surveillance location might also threaten the safety of police officers using the observation post, or lead to adversity for cooperative owners

5

> or occupants of the building. Finally, the assurance of nondisclosure of a surveillance location may be necessary to encourage property owners or occupants to allow the police to make such use of their property.

*Green*, 670 F.2d at 1155.

At the same time, *Green* recognized that "[t]he location of a police observation post may establish whether the observing officer's view was open or obstructed, whether the angle of the officer's view made the observations easy or difficult, and whether the distance from the criminal activity enhances or detracts from an officer's claimed observation of detail." *Id.* Accordingly, "because the location of the observation post may well be relevant to the defendant's interests," *Green* employed a balancing test whereby "[t]he Court must balance the Government's right to keep the information private with the Defendant's right to inspect the information." *United States v. Matish*, 193 F. Supp. 3d 585, 601 (E.D. Va. 2016); *see Green*, 670 F.3d at 1156.

"A defendant seeking to learn the location of a police surveillance post should ordinarily show that he needs the evidence to conduct his defense and that there are no adequate alternative means of getting at the same point." *United States v. Harley*, 682 F.2d 1018, 1021 (D.C. Cir. 1982). Even assuming for sake of argument that Defendant has met his burden to show materiality, the Government has agreed to make available "body cam footage of the officer conducting the surveillance at or near the time that the purported observations of [Defendant] were made." ECF No. 38 at 2. *See Harley*, 682 F.2d at 1021; *see also Matish*, 193 F. Supp. 3d at 601. At the pretrial motions hearing, Defendant may cross-examine the officer regarding such things as the distance and

6

elevation from which the observations were made; the weather; whether there were any obstructions in the officer's line of sight; and whether any assistive devices were used by the officer to make those observations. Moreover, the location of the subject gas station is known to Defendant. There is no basis in the record to believe that the gas station premises is "within the government's possession, custody, or control," Fed. R. Crim. P. 16(a)(1)(E), or that Defendant's counsel and his investigator are unable to inspect and photograph that location.

Accordingly, for purposes of the pretrial motions hearing, Defendant's motion is granted in part to the extent that the Government and defense counsel shall use their best efforts to arrange for viewing of the relevant body cam footage within the next seven days, and is otherwise denied without prejudice. *Compare, e.g., Green*, 670 F.2d at 1155-57; *Matish*, 193 F. Supp. 3d at 59 (suppression hearing), *with Foster*, 986 F.2d at 542-44; *Harley*, 682 F.2d at 1020-21 (trial).

### B. Motion for Production

As stated above, the Government has no objection to Defendant's request that his jean jacket and the firearm allegedly recovered on his person be produced at the pretrial motions hearing and "agrees to have those items present." ECF No. 40 at 8. Therefore, this motion is granted.[1]

---

[1] The Court assumes counsel for the Government will make the necessary arrangements to make these items available at the hearing. The parties should inform the Court, however, if additional assistance is needed.

### C. Motion for Continuance

Defendant seeks a two-week continuance of the October 6, 2022 pretrial motions hearing. *See* ECF No. 18 at 3. As stated above, the Government has no objection to the requested continuance.

This motion is likewise granted. Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

### III. ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Disclosure of Information Prior to the Pretrial Hearing Regarding Surveillance Location and Inspection of Surveillance Location Under Fed. R. Crim. P. 16(a)(1)(E), ECF No. 21, is **GRANTED IN PART** to the extent that the Government and defense counsel shall use their best efforts to arrange for viewing of the relevant body cam footage within the next seven days, and is **OTHERWISE DENIED WITHOUT PREJUDICE**.

2. Defendant's Motion for Production of Seized Evidence at the Pretrial Hearing, ECF No. 22, is **GRANTED**.

3. Defendant's Motion for Continuance of Pretrial Motions Hearing and Trial Date, ECF No. 38, is **GRANTED**.

4. The period of time from **September 30 through October 20, 2022**, shall be excluded from Speedy Trial Act computations in this case.

5. The pretrial motions hearing scheduled for October 6, 2022, ECF No. 18 at 3, is **CONTINUED** and shall now take place before the undersigned on **October 20, 2022, at 1:00 p.m.**, in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.[2]

Dated: October  5 , 2022

                                                          *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Hitchcock*
Case No. 22-cr-180 (JNE/TNL)

---

[2] To the extent Defendant seeks a continuance of the trial date, "the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions." ECF No. 18 at 4. Counsel are reminded that they "must contact the Courtroom Deputy for District Judge [Joan N.] Ericksen to confirm the new trial date." ECF No. 18 at 4.