UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-180 (JNE/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Anthony Lee Hitchcock, | |
| Defendant. | |

Justin A. Wesley and Thomas Calhoun-Lopez, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN (for the Government); and

George R. Dunn, Tilton Dunn Gross P.L.L.P., 101 East Fifth Street, Suite 2220, St. Paul, MN 55101 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2, ECF No. 35;

2. Defendant's Motion for Discovery and Inspection Under Rule 16, ECF No. 23;

3. Defendant's Motion for *Brady* Material and to Disclose Evidence Favorable to the Defendant, ECF No. 24;

4. Defendant's Motion for Early Disclosure of Jencks Act Materials, ECF No. 25;

5. Defendant's Motion to Disclose Post Conspiracy Statements of Co-Defendant and Unindicted Co-Conspirator, ECF No. 26;

6. Defendant's Motion to Disclose and Make Informant(s) Available for Interview, ECF No. 27;

7. Defendant's Motion for Disclosure of *Giglio* Material, ECF No. 28;

1

8. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 29;

9. Defendant's Pretrial Motion for Disclosure of Grand Jury Minutes and Transcript, ECF No. 30;

10. Defendant's Motion to Retain and Not Destroy Rough Notes, Notes, Photographs, Memoranda, and/or Other Items Relating to This Case, ECF No. 31;

11. Defendant's Motion for Counsel to Participate in Voir Dire, ECF No. 32; and

12. Defendant's Motion to File Later Motions for Good Cause, ECF No. 33.

A hearing was held on October 27, 2022. ECF No. 48. Thomas Calhoun-Lopez appeared on behalf of the United States of America (the "Government"). George R. Dunn appeared on behalf of Defendant. Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2, ECF No. 35, is **GRANTED IN PART** and **DENIED IN PART**. This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. At the hearing, Defendant had no objection to the Government's discovery requests. Tr. 3:22-4:4, ECF No. 51.[1]

The parties, *see infra* ¶ 2, seek the establishment of deadlines for the disclosure of any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules

---

[1] The Court notes that, although the transcript of the motions hearing has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due November 16, 2022, and no such notice was filed. ECF No. 51.

2

of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). The Government initially proposed that the parties make their principal expert disclosures no later than 14 days before trial and any rebuttal expert disclosures no later than 10 days prior to trial. ECF No. 35 at 2. At the hearing, Defendant suggested 30 days before trial for principal expert disclosures and 15 days before trial for rebuttal expert disclosures. Tr. 4:5-14. The Government had no objection to Defendant's proposed timeline. Tr. 4:12-17.

Consistent with the parties' agreement, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 15 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2.     Defendant's Motion for Discovery and Inspection Under Rule 16, ECF No. 23, is **GRANTED IN PART** and **DENIED IN PART**. Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), (F), and (G) of the Federal Rules of Criminal Procedure as well as an order for continuing disclosure. The Government states that it "does not object to this motion insofar as it seeks items that fall within the ambit of" Rule 16, "has already complied with Rule 16[,] and will continue to do so." Gov't's Omnibus Resp. at 8, ECF No. 40. The Government objects, however, "insofar as [the motion] seeks items that fall outside the ambit of Rule 16." Gov't's Omnibus Resp. at 8.

Defendant's motion is granted in part to the extent he seeks responsive information subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), and (F) that remains in the Government's control and has not yet been produced. Defendant's motion

3

is further granted in part to the extent he seeks discovery and disclosures ordered produced elsewhere in this Order, *see, e.g.*, ¶ 1 (expert discovery), or that the Government is otherwise obligated to disclose by law. Defendant's motion is denied in all other respects. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

3.  Defendant's Motion for *Brady* Material and to Disclose Evidence Favorable to the Defendant, ECF No. 24, and Motion for Disclosure of *Giglio* Material, ECF No. 28, are **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

The Government states that it is aware of its obligations under these authorities and will comply fully with those obligations. The Government objects to Defendant's motions to the extent they go beyond the requirements of *Brady*, *Giglio*, and their progeny.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies

4

to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)).  "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'"  *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753.  "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted).  The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement."  *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)).  "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction."  *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motions are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials.  *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019).  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

To the extent Defendant seeks discovery and disclosures outside the Government's

5

obligations or seeks materials that have already been produced, his motions are denied. *See Johnson*, 228 F.3d at 924.

4. Defendant's Motion for Early Disclosure of Jencks Act Materials, ECF No. 25, is **DENIED**. Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least 30 days before trial. At the hearing, Defendant modified his request to 14 days before trial. Tr. 5:20-6:19. While the Government objects to any Court-ordered early disclosure, the Government states that it "has turned over all Jencks Act materials in its possession, and agrees to provide any material it subsequently receives not later than three days prior to trial." Gov't's Omnibus Resp. at 9; *see* Tr. 6:2-9.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is therefore denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than

6

three days before trial as proposed by the Government.

5. Defendant's Motion to Disclose Post Conspiracy Statements of Co-Defendant and Unindicted Co-Conspirator, ECF No. 26, is **DENIED IN PART** to the extent Defendant seeks disclosure under Federal Rule of Criminal Procedure 16 and **DENIED WITHOUT PREJUDICE IN PART** as premature to the extent Defendant seeks relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Pursuant to Rule 16 and *Bruton*, Defendant seeks an order compelling the Government "to give notice and disclose intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any defendant or unindicted co-conspirator, together with a designation of which statement or confession the [G]overnment plans to so utilize." ECF No. 26 at 1. Defendant also seeks "leave to file motions for severance, suppression, and/or in limine" based on those disclosures. ECF No. 26 at 1.

While the Government "does not oppose . . . Defendant's request for leave to file motions," the Government "opposes his attempt at early disclosure of intent to introduce evidence as overly broad and not supported by the Federal Rules of Criminal Procedure." Gov't's Omnibus Resp. at 10. The Government states that, "[i]f a co-defendant, unindicted co-conspirator, or other type of cooperating defendant will be a witness at trial, [it] agrees to provide any statements of that witness pursuant to the Jencks Act not later than three business days prior to trial." Gov't's Omnibus Resp. at 10.

Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy. It covers oral statements made

7

by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'" *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)). Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies Defendant's motion insofar as it seeks pretrial disclosure of statements or confessions of any co-defendant or unindicted co-conspirator pursuant to Rule 16.

*Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")). Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial).

At this juncture, it is not clear what evidence the Government will actually seek to

introduce at trial and whether any *Bruton* issues will in fact arise. *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10, 2012), *report and recommendation adopted*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). These types of evidentiary issues, and any appropriate responsive measures, are matters best left to the sound discretion of the district court at trial.

To the extent post-conspiracy statements of any co-defendant or unindicted co-conspirators are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019); *United States v. Perez*, No. 16-cr-154(4) (ADM/BRT), 2018 WL 3000336, at *2 (D. Minn. June 15, 2018). Defendant's request for leave to file motions related to any *Bruton* issues, however, is premature and denied without prejudice.

6. Defendant's Motion to Disclose and Make Informant(s) Available for Interview, ECF No. 27, is **DENIED**. Defendant moves "for an Order requiring the [G]overnment to disclose the identity of any informant(s) utilized by the [G]overnment in the investigation of the above-entitled matter, and to make such informant(s) available for interview by [D]efendant's attorney, in preparation for trial, and to disclose the prior criminal convictions of such informant(s)." ECF No. 27 at 1. Defendant additionally states that "[t]he cooperating/confidential informant's(s') information in the Indictment and/or the previously provided discovery does not disclose how the cooperating informant(s) knew [him] or if any identification procedures were used." ECF No. 27 at 1.

In the alternative, Defendant requests that the Government be ordered to disclose "such reports to the Court for an inspection and a . . . finding of the extent of knowledge that the informant(s) had of . . . [D]efendant and how he was knowingly involved in possessing a firearm" or that the Government be ordered "to disclose the existence of any informant(s) without requiring the [G]overnment to disclose his/her/their identification." ECF No. 27 at 2.

The Government states that it "is aware of its obligations under *Roviaro v. United States*, 353 U.S. 59 (1957), and its progeny," and "is not aware of any informants in this case who would fall under the auspices of *Roviaro*." Gov't's Omnibus Resp. at 10. "Should that change, the [Government states that it] will promptly inform . . . Defendant." Gov't's Omnibus Resp. at 10. The Government "objects to any attempt to compel disclosure of the identity of any confidential informant in this case who does not fall under the auspices of *Roviaro*" and further objects to any request that the Government make any confidential informants available for interview. Gov't's Omnibus Resp. at 11-12. The Government states that "[t]o the extent [it] calls cooperating witnesses or any other witnesses at trial, it will produce all Rule 26.2 materials, all Jencks Act materials, and all *Giglio* materials relating to the individual, including all promises and incentives for testimony." Gov't's Omnibus Resp. at 11.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether disclosure of an informant's identity is required, "the threshold issue is whether

the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (emphasis added) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial).

Defendant bears the burden of showing beyond mere speculation that the disclosure of an informant would be material and helpful to his case. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739. If a trial court orders disclosure absent a showing of materiality, it abuses its discretion." *United States v. Bias*, No. 17-cr-318(06) (SRN/FLN), 2018 WL 3336770, at *2 (D. Minn. July 6, 2018).

Based on the record before the Court, there is no indication that an informant participated in or witnessed the offense charged. Moreover, the Government has

11

confirmed that it will disclose the identity of any informant falling under the auspices of *Roviaro* should it learn that one was utilized. Therefore, Defendant's motion is denied.

7. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 29, is **GRANTED IN PART** and **DENIED IN PART**. Defendant requests immediate disclosure of "any 'crimes, wrongs, or acts' evidence [the Government] intends to offer at trial pursuant to Rule 404(b) of the Federal Rules of Evidence" and that the Government "identify the witnesses through whom such evidence will be presented at trial." ECF No. 29 at 1.

The Government states that it "is aware of its obligations under Federal Rule of Evidence 404(b) and will comply fully with those obligations." Gov't's Omnibus Resp. at 12. The Government "intends to produce all such evidence as soon as practicable" and "agrees to disclose all such evidence at least two weeks prior to trial." Gov't's Omnibus Resp. at 12. The Government objects to an order requiring disclosure of "acts which are 'intrinsic' to the charged offense." Gov't's Omnibus Resp. at 13.

At the hearing, Defendant indicated that the Government's proposal of two weeks was acceptable. Tr. 8:3-12.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The

Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Rule 404(b) does not, however, require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971).

Further, "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

No later than two weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C). Defendant's motion is otherwise denied.

8. Defendant's Pretrial Motion for Disclosure of Grand Jury Minutes and Transcript, ECF No. 30, is **GRANTED IN PART** and **DENIED IN PART**. Defendant requests that counsel be permitted "to inspect and copy the minutes and transcript of the grand jury which returned the Indictment on the grounds that:" (a) "[t]he Indictment may be based upon evidence illegally obtained; (b) "[t]he transcript is necessary to show that grounds exist to support a motion to dismiss the Indictment because of matters occurring before the grand jury"; and (c) "[t]he evidence is necessary for the purpose of impeaching the prosecution witnesses, to refresh their recollection, and to test their credibility." ECF No. 30 at 1.

The Government reaffirms that it "will comply with its obligations under the Jencks Act, Federal Rule of Criminal Procedure 26.2, and Federal Rule of Criminal Procedure 12(h), as well as its obligations under *Brady* . . . , *Giglio* . . . , and their progeny."[2] Gov't's Omnibus Resp. at 13. The Government states that, "[s]hould a witness who has testified before the grand jury testify at a trial or at a hearing, [it] will provide the transcript of that witness's testimony." Gov't's Omnibus Resp. at 13. The Government otherwise objects to the motion.

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation

---

[2] The Government notes that "Defendant did not testify before the grand jury in this case." Gov't's Omnibus Resp. at 14.

and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

Defendant has not made any showing of particularized need for grand jury materials. Therefore, Defendant's motion is denied except to the extent the Government is otherwise obligated to disclose such materials. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

9.  Defendant's Motion to Retain and Not Destroy Rough Notes, Notes, Photographs, Memoranda, and/or Other Items Relating to This Case, ECF No. 31, is **GRANTED IN PART** and **DENIED IN PART**. Defendant moves "for an Order requiring all agents employed by or working with the [Government] in the investigation of this matter to retain, and not destroy, any and all rough notes, notes, photographs, memoranda, or other items which relate in any way to this matter." ECF No. 31 at 1. Additionally, if any such information "has already been destroyed," Defendant requests that the Government be ordered to provide "a full and complete listing of which items have been destroyed, and by whom." ECF No. 31 at 1.

The Government "does not object to requiring the law enforcement officials involved in the investigation of this case to retain and preserve their rough notes,

15

photographs, and memoranda," but "objects to any order concerning the disclosure of rough notes." Gov't's Omnibus Resp. at 14.

Defendant's request for the retention and preservation of all rough notes, notes, photographs, memoranda, or other items relating to this matter is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes, notes, photographs, memoranda, or other items pertaining to this matter. To the extent Defendant seeks an accounting of any such materials that may have previously been destroyed, such request is denied. *See Johnson*, 228 F.3d at 924 ("In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government.").

10. Defendant's Motion for Counsel to Participate in Voir Dire, ECF No. 32, is **DENIED WITHOUT PREJUDICE**. Defendant requests that his counsel be permitted to participate in voir dire. "Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court." *United States v. Crown*, No. 07-cr-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008); *accord United States v. Moore*, No. 19-cr-306 (ADM/BRT), 2020 WL 729298, at *4 (D. Minn. Feb. 13, 2020); *see United States v. Dukes*, No. 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 ("Counsel's participation in voir dire is a matter for the trial judge shortly before trial.") (D. Minn. Nov. 10, 2015), *report and recommendation adopted*, 2016 WL 829902 (D. Minn. Mar. 1, 2016). Accordingly, Defendant's motion is denied without prejudice. *United States v. Jaunich*, No. 07-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (motion for counsel to participate in voir dire should have been denied

16

without prejudice "leaving the final decision on the participation of counsel in voir dire" to the district court).

11.     Defendant's Motion to File Later Motions for Good Cause, ECF No. 33, is **DENIED WITHOUT PREJUDICE**.  Defendant requests leave "to file later motions concerning issues which arise or are revealed through the discovery process upon a showing of good cause."  ECF No. 33 at 1.  The Government "does not oppose this motion."  Gov't's Omnibus Resp. at 15.

Under Federal Rule of Criminal Procedure 12(c)(3), "[a] court may for good cause excuse a defendant's failure to file a pre-trial motion before the expiration of the deadline for doing so."  *Dukes*, 2015 WL 10382395, at *9. "It is a defendant's burden to show that good cause exists to excuse a late filing."  *Id.* (citing *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011)); *cf. United States v. Dabney*, 42 F.4th 984, 989 (8th Cir. 2022). Should the filing of additional pretrial motions become necessary, Defendant may seek leave and "attempt to carry his burden to show good cause" at that time.  *Dukes*, 2015 WL 10382395, at *9.

12.     All prior consistent orders remain in full force and effect.

[Continued on next page.]

13. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: January  13 , 2023

                                        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Hitchcock*
Case No. 22-cr-180 (JNE/TNL)