UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-180 (JNE/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY LEE HITCHCOCK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorney Thomas Calhoun-Lopez, hereby requests that the Court use the attached proposed instructions of law during its preliminary and final instructions to the jury.  The United States reserve the right to file additional requests at the close of the evidence.

Dated: March 29, 2023

Respectfully submitted,

ANDREW M. LUGER
United States Attorney


*s/ Thomas Calhoun-Lopez*
BY: THOMAS CALHOUN-LOPEZ
Assistant U.S. Attorney
Attorney ID No. 480908DC

# Preliminary Instructions Before Opening Statements

JURY INSTRUCTION NO.  1.
**General:  Nature of Case, Nature of Indictment; Burden of Proof;
Presumption of Innocence; Duty of Jury; Cautionary**

Ladies and gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

You must leave your cell phone, PDA, Blackberry, smart phone, I-phone and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have cell phones in the jury room during your deliberations.  You may give the cell phone to the [bailiff] [deputy clerk] for safekeeping just before you start to deliberate.  It will be returned to you when your deliberations are complete.

This is a criminal case, brought against the defendant by the United States government.  The defendant is charged with one count of possession of a firearm as a felon.

Those charges are set forth in what is called an indictment, which reads as follows:

*Indictment.*

## COUNT 1
(Felon in Possession of a Firearm)

On or about May 4, 2022, in the State and District of Minnesota, the

defendant,

**ANTHONY LEE HITCHCOCK,**

having been convicted of the following crimes, each of which was punishable

by a term of imprisonment exceeding one year:

| Crime | Date of Conviction (on or about) | Place of Conviction |
|---|---|---|
| Aggravated Assault with a Deadly Weapon | 7/25/2005 | Houston County, TX |
| Burglary 1st Degree – Assault | 12/8/2014 | Hennepin County, MN |
| Burglary 1st Degree | 11/5/2019 | Hennepin County, MN |

and knowing he had previously been convicted of at least one crime punishable

by imprisonment for a term exceeding one year, knowingly possessed, in and

affecting interstate and foreign commerce, a firearm, to wit, a 9mm Walther

semi-automatic pistol, model PPQ, with serial number FAM6662, all in

violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

You should understand an indictment is simply an accusation.  It is not

evidence of anything.  The defendant has pleaded not guilty, and are presumed

to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that the defendant is on trial only for the crime charged, not for anything else.

Manual of Model Criminal Jury Instructions for the Eighth Circuit §1.01 (2022) (modified).

5

JURY INSTRUCTION NO. 2.
**Elements of the Offense—Preliminary**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime charged, which the government must prove beyond a reasonable doubt to make its case.

The elements of possession of a firearm as a felon are:

*One*, the defendant had been convicted of a crime punishable by imprisonment for more than one year;

*Two*, after that, the defendant knowingly possessed a firearm;

*Three*, at the time the defendant knowingly possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

*Four*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

You should understand, however, that what I am about to give you is just a preliminary outline. At the end of the trial I shall give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.922A, (2022) (modified).

JURY INSTRUCTION NO.  3.
**Evidence; Limitations**

I have mentioned the word "evidence."   "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence.  I shall list those things for you now:

Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular

purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.03 (2022).

JURY INSTRUCTION NO.  4.
**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.05 (2022).

JURY INSTRUCTION NO.  5.
**No Transcript Available—Note-Taking**

At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read or play back lengthy testimony.  You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.06A (2022).

JURY INSTRUCTION NO.  6.
**Bench Conferences and Recesses**

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.07 (2022).

JURY INSTRUCTION NO. 7.
**Conduct of the Jury**

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended, and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended, and your verdict has been accepted by me.  If someone should try to talk to you about the case during the trial, please report it to the bailiff deputy clerk.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness

12

does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, computer, any online service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, Tiktok, Instagram, YouTube, Twitter, or

13

any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, via electronic devices, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use any computerized devices or phones to electronically search online for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read anything about this case, whether it is a news story, an article in print, something online, something on social media, or in any blog or app about this case or anyone involved with it. Do not listen to any radio, television, online, video, or other types of reports about the case or about anyone involved with it. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do any research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by

cross-examination.  All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice.  It is very important that you abide by these rules.  Remember, you have taken an oath to abide by these rules and you must do so.

*Eighth*, do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, faithful performance by you of your duties as jurors is vital to the administration of justice.  You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.08 (2022).

JURY INSTRUCTION NO. 8.
**Defendant's Self-Representation**

Anthony Lee Hitchcock has decided to represent himself in this trial and not to use the services of a lawyer. He has a constitutional right to do that. This decision must not affect your consideration and your decision whether or not he is guilty or not guilty. Because Mr. Hitchcock has decided to act as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument. He may ask questions of witnesses, make objections, and argue legal issues to the court. I want to remind you that when Mr. Hitchcock speaks in these parts of the trial, he is acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Although the defendant has chosen to represent himself, the court has appointed George Dunn to assist Mr. Hitchcock as standby counsel. This is a standard procedure. Mr. Dunn may confer with Mr. Hitchcock, make an opening statement, question witnesses, make objections, and argue legal issues to the court. Just as when Mr. Hitchcock speaks in this part of the trial, when Mr. Dunn speaks in this part of the trial, his words are not evidence.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.23 (2022).

JURY INSTRUCTION NO. 9.
**Outline of Trial**

The trial will proceed in the following manner:

First, the government attorney will make an opening statement. Next the defendant may, but do not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the parties expects the evidence to be.

The government will then present its evidence and counsel for the defendant may cross-examine. Following the government's case, the defendant may, but do not have to, present evidence, testify or call other witnesses. If the defendant calls witnesses, the government counsel may cross-examine them.

After presentation of evidence is completed, the parties will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.09 (2022).

# Instructions for Use During Trial

JURY INSTRUCTION NO.  10.
**Duties of Jury—Recesses**

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law—no one else has been chosen to do this. You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision. If anyone tries to talk to you about the case, please let me know about it immediately.

When I say "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.01 (2022).

JURY INSTRUCTION NO.  11.
**Transcript of Recorded Conversation**

As you have heard, there is a transcript of the recording you are about to hear.  That transcript also undertakes to identify the speakers engaged in the conversation.

The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers.  Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice.  It is what you hear, however, and not what you read, that is the evidence.

Whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you hear on the recording and what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the recording.  If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.06A (2022).

JURY INSTRUCTION NO. 12.

**Defendant's Prior Similar Acts—Where Introduced to Prove an Issue Other Than Identity (Fed. R. Evid. 404(b))**

You [are about to hear] [have heard] evidence that the defendant was selling marijuana. You may consider this evidence only if you (unanimously) find it is more likely true than not true that the defendant committed this act. This is a lower standard than proof beyond a reasonable doubt. You decide that by considering all of the evidence and deciding what evidence is more believable.

If you find that this evidence has not been proved, you must disregard it. If you find this evidence has been proved, then you may consider it to help you decide the defendant had a motive to possess the charged firearm. You should give it the weight and value you believe it is entitled to receive.

Remember, even if you find that the defendant may have sold marijuana, this is not evidence that he committed the charged offense in this case. You may not convict a person simply because you believe he may have committed a different wrongful act. The defendant is on trial only for the crime charged, and you may consider the evidence of prior acts only on the issues stated above.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.08 (2022).

JURY INSTRUCTION NO. 13.
**Defendant's Testimony—Impeachment by Prior Conviction**

You [are about to hear] [have heard] evidence that the defendant was previously convicted of crime because that fact is an element of the offense of possession of a firearm by a felon, as charged in Count 1 of the indictment. This evidence, however, does not mean that the defendant committed the crime charged here. You may use the evidence of the prior conviction only to help you decide whether the government has proven that the defendant had been convicted of a crime punishable by imprisonment for more than one year as charged in Count 1.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.16 (2022).

# Instructions for Use at the End of Trial

JURY INSTRUCTION NO.  14.
**Introduction**

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, *all* instructions, whenever given and whether in writing or not, must be followed.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.01 (2022).

JURY INSTRUCTION NO.  15.
**Duty of Jury**

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.   You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.02 (2022).

JURY INSTRUCTION NO.  16.
**Evidence; Limitations**

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, the facts that have been stipulated—this is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I shall list those things again for you now:

l.    Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.  Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.  Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.  Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.03 (2022).

JURY INSTRUCTION NO.  17.
**Evidence; Direct and Circumstantial**

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 4.17, 1.03 (2022).

JURY INSTRUCTION NO.  18.
**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

[You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.][1]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.04 (2022).

---

[1] To be given only if the defendant testifies.

JURY INSTRUCTION NO.  19.
**Witness Impeachment**

[The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves].

O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 15.06 (6th ed.)

30

JURY INSTRUCTION NO. 20.
**Opinion Evidence—Expert Witnesses**

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.10 (2022).

JURY INSTRUCTION NO.  21.
**Description of Charges; Indictment Not Evidence; Presumption of
Innocence; Burden of Proof (Single Defendant, Single Count)**

The Indictment in this case charges the defendant with being a felon in possession of a firearm.  The defendant has pleaded not guilty to that charge.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial.  The indictment is not evidence.  At the beginning of trial, I instructed you that you must presume the defendant to be innocent.  Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome as to each charge only if the government proved during the trial, beyond a reasonable doubt, each element of that charge.

[There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains with the government throughout the trial. [Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.][2]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.05 (2022).

---

[2] Highlighted portions to be read only if requested by the defendant.

JURY INSTRUCTION NO.  22.
**Reasonable Doubt**

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation.  A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.11 (2022).

JURY INSTRUCTION NO. 23.
**Indictment**

The Indictment in this case reads as follows:

**COUNT 1**
(Felon in Possession of a Firearm)

On or about May 4, 2022, in the State and District of Minnesota, the

defendant,

**ANTHONY LEE HITCHCOCK,**

having been convicted of the following crimes, each of which was punishable

by a term of imprisonment exceeding one year:

| Crime | Date of Conviction (on or about) | Place of Conviction |
|---|---|---|
| Aggravated Assault with a Deadly Weapon | 7/25/2005 | Houston County, TX |
| Burglary 1st Degree – Assault | 12/8/2014 | Hennepin County, MN |
| Burglary 1st Degree | 11/5/2019 | Hennepin County, MN |

and knowing he had previously been convicted of at least one crime punishable

by imprisonment for a term exceeding one year, knowingly possessed, in and

affecting interstate and foreign commerce, a firearm, to wit, a 9mm Walther

semi-automatic pistol, model PPQ, with serial number FAM6662, all in

violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

34

JURY INSTRUCTION NO.  24.
**Elements of the Offense—Felon in Possession of a Firearm**

It is a crime for a felon to possess a firearm, as charged in Count 1 of the Indictment.  This crime has four elements, which are:

*One*, the defendant had been convicted of a crime punishable by imprisonment for more than one year;

*Two*, after that, the defendant knowingly possessed a firearm, that is, a 9mm Walther semi-automatic pistol, model PPQ, with serial number FAM6662;

*Three*, at the time the defendant knowingly possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

*Four*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

You are instructed that Aggravated Assault is a crime punishable by imprisonment for more than one year under the laws of the State of Texas.

You are instructed that First Degree Burglary is a crime punishable by imprisonment for more than one year under the laws of the State of Minnesota.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than Minnesota and that the defendant possessed that firearm in the State of Minnesota, then you may, but are not

required to, find that it was transported across a state line.  Knowledge by the defendant of the interstate travel of the firearm is not necessary to prove the offense.  The defendant does not have to personally participate in the interstate movement of the firearm.

If all of the elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged; otherwise you must find the defendant not guilty of this crime.

For you to find the defendant guilty of the crime of possessing a firearm as a felon, the government must prove all of these elements beyond a reasonable doubt; otherwise, you must find the defendant not guilty.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.922A (2022) (modified).

JURY INSTRUCTION NO. 25.
**Possession: Actual, Constructive, Sole, Joint**

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 8.02 (2022).

JURY INSTRUCTION NO.  26.
**Possession: Ownership Immaterial; Temporary**

The statute involved here prohibits the knowing possession of firearms and ammunition.  The government is not required to prove that the defendant owned the firearms or ammunition.[3]  Ownership is immaterial.  The taking or temporary possession of firearms and ammunition, or the temporary possession of firearms and ammunition, may be the basis for a conviction of possessing firearms and ammunition.[4]

---

[3] *United States v. Johnson*, 683 F.2d 1187, 1188 (8th Cir. 1982); *United States v. Hernandez*, 972 F.2d 885,887 (8th Cir. 1992); *United States v. Lindsey*, 782 F.2d 116, 118 (8th Cir. 1986).

[4] *United States v. Winer*, 519 F.2d 256 (8th Cir. 1975); *United States v. Powell*, 513 F2d 1249, 1251 (8th Cir. 1975).

JURY INSTRUCTION NO.  27.
**Proof of Intent or Knowledge**

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 7.05 (2022).

JURY INSTRUCTION NO.  28.
**Election of Foreperson; Duty to Deliberate; Punishment Not a Factor; Communications with Court; Cautionary; Verdict Form**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if the defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone - including me - how your votes stand numerically.

Fifth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict, whether guilty or not guilty, must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  [The form reads:  (read form)].  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.12 (2022).

41